IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACOB F. STASKA, and JODIE M. FALLON,<br><br>            Plaintiffs,<br><br>    vs.<br><br>JAMES C. STECKER, Saunders County District Judge, in his personal and official capacity; et. al;<br><br>            Defendants. | 4:18CV3119<br><br>ORDER |

The following motions are pending before me:

- Plaintiff's motions:

    - to extend the deadline for serving summons, (Filing No. 30);

    - for leave to file an amended complaint, (Filing No. 48);

    - requesting subpoenas, (Filing No. 49); and

    - to strike the motion to dismiss filed by Defendants Nebraska Land Title & Abstract and Anne Tweedy, (Filing No. 50).

- Defendant Darren L. Hartman's motion to strike Plaintiffs' motion to amend, (Filing No. 51); and

- The motion to file a brief out of time filed by Defendants Linda Little and Anne Tweedy, (Filing No. 52).

For the reasons explained below, Plaintiffs' motion for additional time to serve summons will be granted in part and denied in part. All other motions filed by Plaintiffs will be denied. Defendant Hartman's motion to strike will be granted, and the motion filed by Defendants Little and Tweedy requesting leave to file a brief out of time will be granted.

## Motion for Additional Time to Serve Summons
([Filing No. 30](#))

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

[Fed. R. Civ. P. 4(m)](#).

Plaintiffs' complaint was filed on August 28, 2018, with November 26, 2018 being the 90-day deadline for service under Rule 4(m). On November 28, 2018, Plaintiffs moved to extend the deadline for service on Patricia L. Starr, Patrick McDermott (Saunders County Magistrate), Anne Tweedy, Gregory Larson, Jovan Lausterer, and Maureen Freeman Caddy. ([Filing No. 30](#)). The served defendants did not respond to Plaintiffs' motion.

Jovan Lausterer is not named as a defendant in the caption of Plaintiffs' complaint, and even interpreting Plaintiff's allegations liberally, the court concludes Plaintiffs' complaint does not seek recovery from Jovan Lausterer. Plaintiffs' motion to serve the complaint on Jovan Lausterer will therefore be denied.

As to Patricia L. Starr, Patrick McDermott, Gregory Larson, and Maureen Freeman Caddy, who are named defendants, Plaintiffs have provided no evidence explaining why these defendants were not timely served. The court's record indicates Plaintiffs requested and received summons to serve Patrick

McDermott, Gregory Larson, and Maureen Freeman Caddy on November 2, 2018, and as to these defendants, the court will extend the deadline for service to January 7, 2019. But Plaintiffs never requested summons to serve Patricia L. Starr, so and as to this defendant, the motion for additional time to serve summons will be denied.

Anne Tweedy has voluntarily appeared by filing a motion to dismiss. Plaintiffs' motion for additional time to serve this defendant will therefore be denied as moot.

Motion to Strike the Nebraska Land Title & Abstract's and Tweedy's
Motion to Dismiss
([Filing No. 50](#))

Defendants Little's and Tweedy's Motion to File a Brief Out of Time
([Filing No. 52](#))

Plaintiffs move to strike the motion to dismiss filed by Defendants Nebraska Land Title and Tweedy, arguing these defendants are not parties because they were not served, and the court has no personal jurisdiction over them.

Tweedy is a named defendant and is sued in her personal capacity and in her official capacity for Nebraska Land Title & Abstract. The court construes the "official capacity" claim as a claim against Nebraska Land Title & Abstract. Even absent formal service, Tweedy and Nebraska Land Title are defendants, and they can choose to waive formal service and any claim that personal jurisdiction is lacking by entering an appearance voluntarily. In this case, they did so by moving to dismiss Plaintiffs' Complaint for failure to state a claim. Plaintiff's motion to strike the motion to dismiss filed by Defendants Nebraska Land Title and Tweedy will be denied.

Defendants Nebraska Land Title and Tweedy failed to immediately file a brief in support of their motion to dismiss. They have moved to file that brief out of time. Plaintiffs are still attempting to serve several named defendants, and the court anticipates additional rule 12(b)(6) motions will then be filed by the additional defendants. The court will then collectively address the motions to dismiss. Therefore, permitting Defendants Nebraska Land Title and Tweedy to file a brief out of time will not delay progression of this case to the prejudice of party. The motion of Defendants Nebraska Land Title and Tweedy will be granted.

Motion for Leave to File an Amended Complaint
([Filing No. 48](#))

Defendant Hartman's Motion to Strike Plaintiffs' Motion to Amend
([Filing No. 51](#))

Plaintiffs filed a motion to amend their Complaint on December 11, 2018, (see [Filing No. 48](#)), more than 21 days after Defendants Goins and Stecker filed their motion to dismiss, (see [Filing No. 18](#)). Plaintiffs are therefore not allowed to amend as a matter of course and must first obtain leave of the court. See [Fed. R. Civ. P. 15(a)(1)](#).

A plaintiff who is asking for the court's permission to file an amended complaint must attach a copy of the proposed amended complaint to the motion. NECivR 15.1(a). In pro se cases, the court grants some leniency, and "may consider the amended pleading as supplemental to, rather than as superseding, the original pleading." NECivR 15.1(b).

But as Defendant Hartman states in his motion to strike, in this case, Plaintiffs have neither attached a proposed amended complaint to their motion

nor a document setting forth what they propose to add to the complaint. They have not explained what they are asking to supplement, modify or delete from their original complaint.

Defendant Hartman's motion to strike will therefore be granted, and Plaintiffs' motion to amend will be denied.

## Motion for Issuance of Subpoenas
([Filing No. 49](#))

Plaintiffs request leave to serve subpoenas on parties and non-parties for production of documents. The court has not entered a case scheduling order, convened a Rule 26(f) conference, or otherwise granted leave to engage in discovery at this time. See [Fed. R. Civ. P. 26(d)(1)](#). To promote the efficient, inexpensive, and just resolution of this case, (see [Fed. R. Civ. P. 1](#)), absent some showing that immediate discovery is necessary, the court will not initiate these steps toward case progression or permit discovery until the court rules on the pending and anticipated motions to dismiss.

Plaintiffs' motion for issuance of subpoenas will therefore be denied without prejudice to re-filing the motion after the court permits the commencement of discovery.

Accordingly,

IT IS ORDERED:

1) Plaintiffs' motion to extend the deadline for serving summons, (Filing No. 30), is granted in part and denied in part as follows:

   a. Plaintiffs are given until January 7, 2019 to serve Patrick McDermott, Gregory Larson, and Maureen Freeman Caddy.

   b. Plaintiffs' request for additional time to serve Patricia L. Starr; Anne Tweedy, and Jovan Lausterer is denied.

2) Plaintiffs' motion for leave to file an amended complaint, (Filing No. 48), is denied.

3) Plaintiffs' motion requesting subpoenas, (Filing No. 49), is denied without prejudice to re-filing the motion after the court permits the commencement of discovery.

4) Plaintiffs' motion to strike the motion to dismiss filed by Defendants Nebraska Land Title & Abstract and Anne Tweedy, (Filing No. 50), is denied.

5) Defendant Darren L. Hartman's motion to strike Plaintiffs' motion to amend, (Filing No. 51), is granted.

6) The motion to file a brief out of time filed by Defendants Linda Little and Anne Tweedy, (Filing No. 52), is granted, and these Defendants' brief shall be filed on or before January 2, 2019.

December 18, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge