IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACOB F. STASKA and JODIE M. FALLON,<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES C. STECKER, STEVEN TWOHIG, ANDREW LANGE, DEMETRIA W. HERMAN, MARY C. GILBRIDE, L. JAY MORROW, GERALD D. JOHNSON, PATRICIA L. STARR, VILLAGE OF MEAD, GREG LARSON, SAUNDERS COUNTY, CITY OF WAHOO, BROMM, FREEMAN-CADDY & LAUSTERER LAW FIRM, MAUREEN FREEMAN-CADDY, SAUNDERS COUNTY RECORDER'S OFFICE, RHONDA ANDRESEN, MARK STEELE, DARREN L. HARTMAN, JOHN H. SOHL, SAUNDERS COUNTY CORRECTIONS, KEVIN STUKENHOLTZ, UNKNOWN SAUNDERS COUNTY DEPUTY SHERIFFS, PATRICK R. MCDERMOTT, KENNETH JACKSON, CURRENT ACTING CHIEF OF POLICE, UNKNOWN WAHOO POLICE OFFICERS, LOREN LINDAHL, PATTY MCEVOY, DEBBIE L. SLADKY, ANNE TWEEDY, LINDA LITTLE, UNKNOWN DEFENDANTS, DOES 1-50, NEBRASKA LAND TITLE AND ABSTRACT,<br><br>Defendants. | 4:18CV3119<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the defendants' respective motions to dismiss, Filing Nos. 18, 20, 24, 27, 29, and 44. Plaintiffs Jacob F. Staska and Jodie M. Fallon filed a complaint in United States District Court for the District of Nebraska on August 28, 2018, for violation of their civil rights under 42 U.S.C. § 1983, and sought both declaratory and

1

injunctive relief. Filing No. 1, complaint at 1. The plaintiffs' motions for leave to proceed in forma pauperis were granted on August 29, 2018. Filing Nos. 6 and 7.

I.  BACKGROUND

The fifty-page complaint, which identifies an excess of thirty defendants, asserts federal civil rights claims against various private individuals and public servants. The complaint is at times difficult to discern. It appears that Plaintiffs attempt to sue, essentially, every agency and individual they encountered vis-à-vis their collective experiences as litigants in the civil and criminal court systems in Saunders County, Nebraska, and the proximate area. Plaintiffs allege that the defendants committed acts "under color of law conspiring in their individual and official capacities with private actors in an agreement which deprived Plaintiffs of rights secured under the United States Constitution." Filing No. 1 at 2.

Plaintiffs' complaint pursues ten federal Constitutional claims, which are characterized as "counts" and delineated as separate headings: (1) 42 U.S.C. § 1983: False Imprisonment; (2) 42 U.S.C. § 1983: Sixth Amendment Right to Counsel; (3) 42 U.S.C. § 1985(3): Conspiracy to Deprive Constitutional Rights; (4) 42 U.S.C. § 1983: Conspiracy to Deprive Constitutional Rights; (5) 42 U.S.C. § 1983: Denial of Access to the Courts; (6) Violation of Fifth and Fourteenth Amendment Due Process Clauses; (7) Violation of Substantive Due Process Rights; (8) § 1985: Conspiracy to Violate Civil Rights [Private Individual Defendants and Saunders County Municipalities, Agencies, and Saunders County Courthouse Employees]; (9) 42 U.S.C. § 1983: Malicious Prosecution; and (10) 42 U.S.C. § 1983: Private Party to § 1983 Suits. *See* Filing No. 1 at 41-49.

This case involves six motions to dismiss. Defendant James C. Stecker moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Filing No. 18. Defendants the County of

Saunders, Nebraska, Steven Twohig, Andrew Lange, Demetria W. Herman, L. Jay Morrow, Kevin Stukenholz, Rhonda Andresen, John Sohl, Patty McEvoy, and Debbie Sladky (collectively, "County Defendants") moved to dismiss pursuant to Fed. R. Civ. P. 8(a), 10(b), 12(b)(1) and (6). Filing No. 20. Defendant Mark A. Steele moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Filing No. 24. Defendant Gerald D. Johnson moved to dismiss pursuant to Fed. R. Civ. P. 8(a), 10(b), 12(b)(1) and (6). Filing No. 27. Defendants Nebraska Land Title and Abstract, Anne Tweedy, and Linda Little, moved to dismiss pursuant Fed. R. Civ. P. 12(b)(6). Filing No. 29. Lastly, defendant Darren Harman moved to dismiss pursuant Fed. R. Civ. P. 8, 10(b), and 12(b)(6). Filing No. 44.

## II. DISCUSSION

### A. Law

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Further, while claims for relief must be asserted in responsive pleadings (if required), a party may assert via a motion, *inter alia*, lack of subject-matter jurisdiction or failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1) and (6).

The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 n.3 (2007) (quoting Fed R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the

3

grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbably and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232 236 (1974)). "[O]n the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id* at 555-556. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability but asks for more than a sheer possibility that a defendant has acted unlawfully).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions; and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678-679. Determining whether a complaint states a plausible claim for relief is a "context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at 679. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

4

When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 556; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679.

Relief is not available against an official sued in his individual capacity. *See Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (stating that a suit against a state official in his official capacity is suit not against the official, but rather against the official's office). Judicial immunity is a judge's immunity from suit and assessment of damages. *Mireles v. Waco* 502 U.S. 9, 11 (1991). Judicial immunity extends to suits under 42 U.S.C. § 1983. *Pierson v. Ray*, 381 U.S. 547 (1967).

Federal district courts are precluded from the direct review of state court decisions. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine disallows federal district courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

5

### B. Analysis

#### 1. Judge Stecker

Plaintiffs seek relief against Judge Stecker in both his individual and official capacities, but Judge Stecker was never served in his official capacity. *See* Filing No. 1 at 49. Plaintiffs assert in paragraph 4 of the complaint that Judge Stecker violated Plaintiff's civil rights, encouraged other defendants to violate Plaintiffs' civil rights, violated plaintiff Staska's Fourteenth, Eighth, and Sixth Amendment rights, and violated Plaintiffs' Fourteenth Amendment, Substantive and Procedural Due Process, "Access to Courts," and "Property Amendment" rights. *See id.* at 3. Relief is not an option against an official sued in his or her individual capacity. Judge Stecker's alleged Constitutional violations relate to his judicial capacity as a Saunders County, Nebraska, district court judge. The complaint fails to describe interactions between Plaintiffs and Stecker beyond those which related to his actions as a district court judge. *See Brown* at 1161.

This Court finds that Plaintiffs are barred from bringing suit against Judge Stecker because, as a county district court judge, Judge Stecker is immune from suit.[1] Consequently, Plaintiffs' federal Constitutional claims are without merit, and this court holds that Plaintiffs failed to state a plausible claim against Judge Stecker for which relief can be granted in accord with Fed. R. Civ. P. 12(b)(6).

#### 2. County Defendants

The cases of Lange, Twohig, and Herman are analogous to that of Judge Stecker. Lange and Herman were Deputy Saunders County Attorneys, and Twohig was the County Attorney. Plaintiffs' claims against Lange, Twohig, and Herman arose from

---

[1] Moreover, in the alternative, since the *Rooker-Feldman* doctrine prohibits the direct review of state court decisions by federal district courts, Plaintiffs cannot obtain review of proceedings before Judge Stecker.

actions within the scope of their respective employments as county prosecutors (state officials). Thus, because relief is not an option against an official sued in his or her individual capacity, and a suit against a state official in his or her official capacity is against his or her office (rather than he or she as an individual), Plaintiffs are immune from bringing suit against Lange, Twohig, and Herman. *See Brown* at 1161.

The claims against Lange, Twohig, and Herman can also be dismissed on grounds other than absolute, qualified immunity. Plaintiffs' complaint does not contain *any* particularized factual allegations of wrongful acts or omission by Lange. The complaint names Lange in paragraphs 10, 11, 12, and 13, but is entirely absent from the remainder of the pleading. *See* Filing No. 1 at 4-7. The Plaintiffs allege sweeping legal conclusions against Lange which are totally unsupported by factual allegations. Likewise, Plaintiffs' allegations of wrongful acts or omissions by Twohig are nearly as scarce. The complaint names Twohig as a party in paragraphs 11, 12, and 13, and mentions him again, only briefly, in paragraph 18. *See id.* at 5-7, 9-13. Paragraph 18 alleges that Twohig, et al "entered into an agreement" in order to "enable Gabriel M. Gonzales and Patricia L. Starr to be absconding deadbeat debtors to the State of California." *See id.* at 10. This is a conclusory allegation that is unsubstantiated by any factual context.

The Plaintiffs similarly mention Herman in paragraphs 11-16. *See id.* at 5-8. The complaint goes on to allege Herman made an "agreement . . . for an Affidavit for Probable Cause for arrest for alleged forgery" by plaintiff Staska, for Staska's counsel to "not file any motions" and to arrest Staska "in violation of his Fourth Amendment rights." *See id.* at 11-12, 26-28. Plaintiffs further allege that Herman demanded Staska's arrest, charged him with forgery, sought sentencing enhancement, refused bond reduction. *See id.* at 26-28, 30-31, 34. The complaint states that Herman filed criminal charges for auto theft,

7

instructed the owner of the vehicle not to comply with requests for his deposition, refused Staska's continuance requests, contacted his surgeon and canceled his surgery, changed his bond, convinced a witness to testify adversely, refused a plea bargain, and conspired to deprive Plaintiffs of debts owed them. *See id.* at 31-34, 36, 19-20, 24. Absent further factual support and context, none of Herman's purported actions are plausibly violative of the Constitutional rights that Plaintiffs allege.

Since legal conclusions devoid of supporting factual allegations are not afforded the assumption of truth, and there are not adequate facts to suggest that discovery will reveal the elements of the claims against Lange, Twohig, and Herman, this court finds that Plaintiffs' allegations against Lange, Twohig, and Herman do not warrant relief. The Plaintiffs assert relief against Lange, Twohig, and Herman, but do not demonstrate an entitlement to that relief, so this court finds that Plaintiffs' claims pertaining to Lange, Twohig, and Herman are insufficient to warrant relief.

The complaint does not identify *any* personal wrongdoing by Stukenholtz, the Sheriff of Saunders County, Nebraska. Stukenholtz is named solely in the caption. *See id.* at 2. Since a complaint must contain more than labels and conclusions in order to survive a motion to dismiss, and the Court must be able to draw the reasonable inference that the named defendant is liable for the alleged misconduct, this Court finds that Plaintiffs failed to state a plausible claim for which relief could potentially be granted against Stukenholtz.

Plaintiffs name Morrow as "Saunders County Sheriff's Office Investigator." *See id.* at 3. Plaintiffs allege that Morrow took part in an agreement pertaining to Staska's arrest for forgery, that he was one of several who caused Staska's confinement and prosecution, and that he concealed facts concerning Staska's property. *See id.* at 12, 19-25, 27, 47.

Here, again, none of Plaintiff's alleged claims against Morrow present a cognizable federal Constitutional claim. Plaintiffs do not present a showing of entitlement to relief, and the legal conclusions put forth are unfounded and illogical, so this Court finds that Plaintiffs' complaint, as it relates to Morrow, does not rise to the standards mandated by Fed. R. Civ. P. 12(b)(6). Plaintiffs are not entitled to relief on the basis of Morrow's alleged misconduct.

Sohl is identified as a party in paragraphs 11, 12, 13, and 16. See Filing No. 1 at 5-6, 8. According to paragraph 18, Sohl is "court appointed counsel." See id. at 12. Plaintiffs maintain that Sohl neglected his duties as Staska's attorney, and that Staska was not permitted to terminate him. See id. at 30, 33-36. The complaint does not contain facts which plausibly lead to the inference that Sohl was personally involved in the violation of Plaintiffs' Constitutional rights, so this court finds that Plaintiffs are not entitled to relief on the basis of Sohl's acts or omissions.

In relevant part, the complaint alleges that Andresen, Deputy Recorder of the Saunders County Recorder's Office, was part of an agreement which led to Staska's arrest for forgery and that she refused to research a lien. See id. at 11, 13-15. Since these allegations do not rise to the level of a Constitutional claim, and Plaintiffs do not demonstrate more than a sheer possibility that Andresen acted unlawfully, this court finds that Plaintiffs do not adequately demonstrate entitlement to 12(b)(6) relief.[2]

The complaint identifies Sladky as both "County Deputy Clerk" and "Deputy Clerk of the Court." See id. at 11, 12. The complaint alleges, in relevant part, that Sladky unlawfully acted on behalf of other named defendants without a hearing or a motion, that

---

[2] Alternatively, similar to other named defendants, Andresen is entitled to immunity from suit because, as Deputy Recorder, she is a state official who, throughout the relevant time period, acted within the scope of her employment.

9

she impermissibly failed to provide copies of court documents to Plaintiffs, and that she "agreed" to Staska's arrest. *See id.* at 11, 19, 22. Plaintiffs name McEvoy as "Saunders County District Court Clerk of the Court," and mentioned her the complaint only as a co-conspirator with other defendants. *See id.* at 5-6, 11, 13. Without further explanatory facts to support Plaintiffs' conclusory statements of law, neither Sladky nor McEvoy's alleged actions rise to a standard that plausibly suggest violations of Plaintiffs' Constitutional rights. This Court finds that Plaintiffs are not entitled to relief on the basis of Sladky or McEvoy's alleged conduct.[3]

### 3. Steele

The complaint names Steele as a defendant in paragraph 14, and alleges that Steele violated Staska's civil rights, or acted as a co-conspirator with other defendants to do so, and that he violated Staska's Fourth Amendment rights. *See id.* at 7. The entirety of the complaint fails to state facts sufficient to support any of the claims Plaintiffs allege against Steele. Plaintiffs provide no concrete facts to plausibly suggest that Steele's conduct violated Staska's Constitutional rights. Plaintiffs' complaint, as it pertains to Steele, remains equivocal. This Court holds that Plaintiffs are not entitled to relief because the complaint fails to put forth facts to support more than a speculative possibility that Steele acted unlawfully.

### 4. Johnson

The complaint alleges that Johnson violated Plaintiffs' civil rights and co-conspired to violate Plaintiffs' Fourteenth Amendment, Substantive and Procedural Due Process, access to court, and Property Amendment rights and conspired to conceal Plaintiffs' deed

---

[3] As described above and in note 2, defendants are not permitted to sue state officials acting with the scope of their employment, so both Sladky and McEvoy are, in the alternative, entitled to immunity from suit.

and deprive of a lien. See *id.* at 19-20, 24. Similar to other defendants, allegations against Johnson are broad legal conclusions which are utterly unsupported with factual allegations of personal wrongful actions. Plaintiffs put forth a blanket assertion of entitlement to relief, not a factually-based showing, and there is no reasonable inference that Johnson is liable for alleged misconduct. The facts (or lack thereof) do not plausibly suggest any Constitutional violations. Therefore, this court holds that Plaintiffs are not entitled to relief.

### 5. Nebraska Land Title and Abstract, Tweedy, Little

Plaintiffs allege, in paragraph 53 of the complaint, that Nebraska Land Title and Abstract, Tweedy, and Little, co-conspired to conceal the execution of a warranty deed in mid-2017 (the facts remain ambiguous), which consequently deprived Plaintiffs of "rights in unpaid recorded liens." See *id.* at 19-20. Paragraph 70 alleges that Nebraska Land Title and Abstract, Tweedy, and Little took part in a "closing with an unpaid recorded lien . . ." See *id.* at 23-24. Additionally, in paragraphs 11, 12, 13, and 15, defendants Johnson, Gabriel Gonzales, Patricia Starr, and Hartman, respectively, allegedly ordered Tweedy and Little to violate Plaintiffs' civil rights. See *id.* at 5-7.

The complaint does not state a single non-conclusory factual allegation of wrongdoing by Nebraska Land Title and Abstract, Tweedy, Little. The Plaintiffs' sweeping legal conclusions are not entitled to the presumption of truth because they are unsupported by any factual allegations which would reasonably lead to the inference that Nebraska Land Title and Abstract, Tweedy, and Little violated Plaintiffs' rights. This Court is unwilling to blindly accept Plaintiffs' legal conclusions, so it finds that Plaintiffs are ineligible for relief.

### 6. Hartman

In paragraph 34 of the complaint, Plaintiffs identify Hartman as defendant Starr's counsel and claim that he (allegedly wrongfully) asserted a lack of a state court's personal jurisdiction over Starr. See id. at 16. As referenced above in the cases of other defendants, Plaintiffs, in paragraph 15 of the complaint, similarly allege that Hartman violated Plaintiffs' civil rights, directed other defendants to do so, and also violated Plaintiffs' Fourth Amendment rights and "Property Amendment rights." See id. at 6. Hartman is also mentioned in paragraph 52, wherein Plaintiffs assert that he lacks standing to have plaintiff Staska arrested. See id. at 19.

It is clear that Plaintiffs have not adequately asserted facts to support its claims of Hartman's alleged Constitutional violations, but rather pled baseless conclusions. Because the complaint does not include plausible, sufficient factual allegations to provide the grounds on which the claims of Hartman's misconduct rest, this Court holds that Plaintiffs are not permitted to relief.

### III. CONCLUSION

When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). See Twombly 550 U.S.; see Iqbal 556 U.S. This Court finds that Plaintiffs have not alleged sufficient facts to meet the Twombly and Iqbal requirements. Facts sufficient to proceed to discovery do not exist. In the alternative, this Court also believes that the Rooker-Feldman doctrine applies to several of the named defendants, as state court litigants are not permitted to indirectly attack state court findings in federal district courts. Friends of Lake View Sch. Dist. No. 25 v. Beebe, 578 F.3d 753, 758 (8th Cir. 2009).

Accordingly, this Court will grant the grant the defendants' respective motions to dismiss.

THEREFORE IT IS ORDERED THAT: (1) defendant Stecker's motion to dismiss, Filing No. 18, is granted; (2) the County Defendants' motion to dismiss, Filing No. 20, is granted; (3) defendant Steele's motion to dismiss, Filing No. 24, is granted; (4) defendant Johnson's motion to dismiss, Filing No. 27, is granted; (5) defendants Nebraska Land Title and Abstract, Tweedy, and Little's motion to dismiss, Filing No. 29, is granted; and (6) defendant Hartman's motion to dismiss, Filing No. 44, is granted.

This Court has reviewed the status of the remaining defendants. This Court hereby orders the magistrate judge in this case to review the same and determine if summons must be issued, or a show cause order must be filed, or whatever the magistrate judge deems necessary as to those remaining defendants.

Dated this 12th day of August, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge